# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **COUNTY OF BURLESON** § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | CIVIL ACTION NO. 4-19-cv-03845 | |
| § | | |
| **PURDUE PHARMA L.P., et al.,** § | | |
| *Defendants.* § | | |

## **PLAINTIFF BURLESON COUNTY'S MOTION TO REMAND**

Now into court, comes Plaintiff, County of Burleson, Texas, ("The County") and under 28 U.S.C. Section 1447, moves this Honorable Court to remand this matter to the 335th Judicial District Court of Burleson County Texas for the following reasons:

1. Burleson County, Texas, filed suit against various Defendants responsible for the epidemic of opioid abuse, crippling addiction, and overdoses that have caused damages to the County. *See* Plaintiff's Original Petition in *County of Burleson v. Purdue Pharma, L.P., et al.,* Cause No. 2018-77087. Defendant, Walmart Inc., ("Walmart") has filed a Notice of Removal to the United States District Court for the Southern District of Texas alleging the same arguments rejected by the Honorable Judge Andrew S. Hanen less than two months ago on July 24, 2019 when he granted remands in other opioids cases. [See Exhibit A and Exhibit B].

2. Walmart removed this case within minutes of a scheduled hearing where a docket control order would have been entered setting the case for trial for 2021. Burleson County was a selection by the defense counsel. The amendment of the pleadings in Burleson brought no new causes of action. Rather, it narrowed the defendants to the top labelers, distributors and retailers in this county of some 17,000 residents. Walmart was served expeditiously and on the same day it removed the case.

3. Retail defendants, like Walmart, have removed every Texas case in which a retailer was include, once the case was brought into the Southern District of Texas from its home venue. In an apparent game of jurisdictional judicial lottery, the retail defendants – aided by approval of one or more distributor or manufacturer defendants -- are hopeful the case will arrive in a court where the case will be transferred to the MDL where remands are indefinitely stayed. Burleson County has specifically disavowed any federal claims in its pleading, and its case should be remanded to be placed back in its bellwether trial track.

4. The County's Petition alleges seven causes of action brought on behalf of Burleson County under Texas state law: i) creation of a public nuisance; ii) common law fraud; iii) negligence; iv) gross negligence; v) violations of the Texas Controlled Substances Act; vi) unjust enrichment; and vii) civil conspiracy. *See* Plaintiff's First Amended Petition.

5. The County has invoked no federal law or regulation in its Petition. (See Plaintiff's Amended Petition p. 14 ¶12. The County's Petition only and exclusively invokes State causes of action and omits any reliance on any federal authority.

6. On October 4, 2019, Walmart removed the County's case to federal court. *See* Notice of Removal [NoR].The statements made in the removal notice are indefensibly at odds with the County's pleadings the County's petition, does not invoke any federal statute or regulation. Nonetheless, ignoring the express terms of the Petition and Fifth Circuit precedent, the removal notice hypothesizes a lawsuit that simply does not exist.

7. With great inaccuracy, the Notice of Removal represents to the Court that the County's state law claims are allegedly "premised on the breach of duties whose only possible source is the CSA." NoR, p. 3-4 ¶12. This is not true. Walmart blithely ignores the causes of action in County's Petition -- none of which cites, references, or invokes any federal statute or regulation.

Rather than responding to the County's actual pleadings of causes of action under Texas state law, Walmart seeks to replead and recharacterize the Petition to justify its removal.

8. Those efforts have previously fallen short and they should here as well. Indeed, Walmart has wholly failed to advise the Court of orders in contemporaneous opioid cases in Texas (and in this District) rejecting the same arguments Federal Question theories in suits alleging the same theories that the County has pled. On July 24th, 2019, the Honorable Judge Andrew S. Hanen granted Plaintiff's Motion to Remand in *Fire and Police Retiree Health Care Fund, San Antonio v. CVS Health Corporation, et al.,* Case: 4-19-cv-02089. [*See* Exhibit A]. On the same day, Judge Hanen granted Johnson County's Motion to Remand in *Johnson County v. Purdue Pharma, L.P., et al.,* finding that "a federal issue is not "necessarily raised" [*See* Exhibit B at 6]. Walmart offers the same rejected arguments a different Court hoping for a different result. By contrast, Plaintiff's position is consistent with the established rationale in this district (which, in turn, comports with the reasoning of other courts across the country). This Court should follow that rationale, which compels that a grant of this motion for remand.

**Burleson County's Case is Not Removable by Federal Question Jurisdiction**

17. At least a dozen federal court decisions, including the previously referenced remands issued by Judge Hanen within this District, hold that there is no federal question jurisdiction in opioid litigation where, as here, the governmental entity has pled state law causes of action.[1] Another federal court recently rejected the same federal jurisdictional arguments

---

[1] *New Mexico ex rel. Balderas v. Purdue Pharma L.P.*, 323 F. Supp. 3d 1242 (D.N.M. 2018); *Dinwiddie, supra*; *Dunaway v. Purdue Pharma L.P.*, No. 2:19-cv-38, 2019 WL 2211670 (M.D. Tenn. May 22, 2019); *In re Nat'l Prescription Opiate Litig.*, MDL 2804, 2019 WL 180246 (N.D. Ohio Jan. 14, 2019); *Tucson Med. Ctr. v. Purdue Pharma LP*, CV-18-00532-TUC-RCC, 2018 WL 6629659 (D. Ariz. Dec. 19, 2018); *City of Reno v. Purdue Pharma, L.P.*, No. 3:18-cv-00454-MMD-WGC, 2018 WL 5730158 (D. Nev. Nov. 2, 2018); *In re Nat'l Prescription Opiate Litig.*, MDL 2804, 2018 WL 4019413 (N.D. Ohio Aug. 23, 2018); *Weber Cty., Utah v. Purdue Pharma,*

advanced in the removing defendants' Notice of Removal in *Dunaway v. Purdue Pharma L.P.*, No. 2:19-cv-38, 2019 WL 2211670 (M.D. Tenn. May 22, 2019 (finding that boundaries of state law were and issue of merit and not jurisdiction). A federal court may exercise federal question jurisdiction over a state law claim only in the rare case when a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. All of these elements must exist to establish substantial question jurisdiction. Here, none do.

**A. No Federal Issue is Necessarily Raised.**

18. In *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S.308, 315 (2005), the plaintiff specifically alleged a federal notice statute as "an essential element of its [state law] quiet title claim." Here, there is no federal statute or regulation pled. The County can choose to omit any federal cause of action, claim, or question, since "the plaintiff [is] the master of the claim" and "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The County's pleading expressly cites only the Texas Controlled Substances Act, without making any reference to the Federal CSA. ). Walmart's effort to overcome that truth depends upon its misstatement of the claims made to manufacture a wholly unpled violation of the federal act, 21 U.S.C. §§ 801, *et seq*.

19. Walmart also argues that federal law is the only possible source of the duty owed, but that claim is demonstrably untrue, as a matter of both statutory law and the decisions applying

---

*L.P.*, No 1:18-cv-00089-RJS, 2018 WL 3747846 (D. Utah Aug. 7, 2018); *Uintah County, Utah v. Purdue Pharma, L.P.*, No. 2:18-cv-00585-RJS, 2018 WL 3747847 (D. Utah Aug. 7, 2018); *City of Granite City, IL v. AmerisourceBergen Drug Corp.*, No. 18-CV-1367-SMY-DGW, 2018 WL 3408126 (S.D. Ill. July 13, 2018); *Delaware ex rel. Denn v. Purdue Pharma L.P.*, No. 1:18-cv-383-RGA, 2018 WL 1942363 (D. Del. Apr. 25, 2018); *State of West Virginia ex rel. Morrisey v. McKesson Corp.*, No. CV16-1772, 2017 WL 357307 (S.D.W. Va. Jan. 24, 2017).

those statutes. The handling of opioids is regulated by Texas law governing pharmacies.[2] Because there are state regulations imposing duties upon the sellers of opioids, Walmart fails to show a necessary federal issue.[3] Notably, federal courts have roundly rejected arguments that suits like this necessarily implicate federal law.[4]

**B. No Federal Issue is Actually Disputed; any Federal Issue Here is Insubstantial.**

20. Even assuming that a federal regulation could inform the legal question of duty here, that would not establish federal jurisdiction. A federal question is not "necessarily" raised for jurisdictional purposes where violations of both federal and state law are alleged.[5] Even were

---

[2] *See, e.g.,* Tex. Occ. Code § 562.056(a-1) ("To be a valid prescription, a prescription must be issued for a legitimate medical purpose by a practitioner acting in the usual course of the practitioner's professional practice."); Tex. Occ. Code § 562.112(a) ("A pharmacy shall ensure that its agents and employees, before dispensing a prescription, determine in the exercise of sound professional judgment that the prescription is a valid prescription."). *See also* 22 Tex. Admin. Code § 291.34(b)(1)(D). Texas regulations include provisions for effective control against theft or diversion of prescription drugs. *E.g.,* 22 Tex. Admin. Code § 291.33(2)(a). *See also* 22 Tex. Admin. Code § 291.29; 25 Tex. Admin. Code § 229.420(a) (53).

[3] *See, e.g., Alexander v. Woodlands Land Dev. Co. L.P.*, 325 F. Supp. 3d 786, 795 (S.D. Tex. 2018) ("Because there are independent state-law grounds for recovery, it is not necessary to resolve a federal issue to decide Plaintiffs' negligence . . . claims.").

[4] *See, e.g., Delaware ex rel. Denn v. Purdue Pharma L.P.*, No. 1:18-cv-383, 2018 WL 1942363, at **2-3 (D. Del. Apr. 25, 2018) (rejecting the argument that analogous pleadings "necessarily raised" a federal question under the FCSA, the federal district court explained that, "[a]lthough the complaint addresses some duties or requirements under the FCSA, the complaint also lists several other duties and standards that arise solely under state statutory or common law;" no federal issue was necessarily raised because there were other grounds for finding a state law violation); *West Virginia v. McKesson*, 2017 WL 357307, at *8 (remanding and rejecting the argument that disposition of a federal issue was necessary, reasoning that the complaint alleged violations of duties implicated by state law); *City of Reno v. Purdue Pharma, L.P.*, 2018 WL 5730158, at *2 (rejecting opioid distributor's argument that a federal issue under the federal Controlled Substances Act is necessarily raised).

[5] *See MSOF Corp. v. Exxon Corp.,* 295 F.3d 485, 490 (5th Cir. 2002) (holding that federal-question jurisdiction did not exist where complaint alleged "violation[s] of federal regulations as well as ... violation[s] of state and local regulations") (cite & emphasis omitted); *PlainsCapital Bank v. Rogers*, 715 F. App'x 325, 330 (5th Cir. 2017) ("When state law provides an alternative ground for recovery, the federal issue is not 'necessarily raised.'") (citations omitted); *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.,* 772 F.3d 158, 164 (3d Cir. 2014) ("even if Plaintiffs' claims were *partially* predicated on federal law, federal law would still not be necessarily raised")

5

the Petition ambiguous as to the invocation of a federal law, even a construction of the pleading that credited Walmart' self-serving reading would be insufficient to establish federal question jurisdiction.[6] And, even if federal terms may serve as evidence, this also would be insufficient.[7]

21. "The fact that a substantial federal question is necessary to the resolution of a state-law claim is not sufficient to permit federal jurisdiction." *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008). Two examples demonstrate that contours of the doctrine to illustrate its inapplicability here. The Supreme Court found such a question to exist in *Grable*, where the federal government had a direct interest in vindicating its own administrative actions and the IRS's ability to recover delinquent taxes through seizure and sale. Likewise, the Supreme Court found a substantial federal question in a case in which federal government bonds were alleged to be invalid because the central question of the case was the constitutional validity of an act of Congress. *See Gunn v. Minton* 568 U.S. 251, 261 (2013) (discussing *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180 (1921)). Decisions jeopardizing the validity of IRS tax sales and federal government bonds are the exceedingly rare examples that meet the test because they affect the federal system as a whole.

22. In just the opioid litigation, though, courts have found that claims like those made here by the County do not raise any actually-disputed federal issue for purposes of the substantial

---

(citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 810 (1988)).
[6] *See Caver v. Caliber Home Loans, Inc.*, No. H-19-1115, 2019 WL 2329243, at *3 (S.D. Tex. May 31, 2019) ("While the legal basis for the causes of action in Plaintiff's Amended Complaint is often unclear, the court is satisfied that Plaintiff did not intend to plead any federal causes of action against Defendant. Because all ambiguities in Plaintiff's Amended Complaint are to be construed against removal, the court concludes that this action does not present any claims or issues arising under federal law.").
[7] *Mississippi ex rel. Hood v. Meritor, Inc.*, 4:17CV74-SA-JMV, 2018 WL 1309722, at *4 (N.D. Miss. Mar. 13, 2018) (federal terms serving as evidence would not make federal law "paramount in determining liability"; also, "Plaintiff's claim does not draw on federal law as the exclusive basis for holding Defendants liable").

6

federal question doctrine.[8] Substantively indistinguishable arguments to those made here were addressed in *New Mexico ex rel. Balderas v. Purdue Pharma L.P.*, where the court found that the plaintiff could prevail on state law duties and that there was no substantial federal question:

> [T]he federal issues [are not] "substantial" under the third *Grable* factor in that they are not important "to the federal system as a whole." *Gunn*, 568 U.S. at 260, 133 S.Ct. 1059. Even if there was a violation of the FCSA, its promulgated rules, and the DEA's interpretation of the statute, no large-scale federal interests of the kind in *Grable*— the tax code—are implicated by such a violation. In *Grable* federal adjudication was appropriate over the plaintiff's state law quite title action because of the government's interest in uniformly satisfying its tax claims and providing secure title to purchasers at tax sales. Here, Plaintiff's statutory and common law claims of negligence, fraud, public nuisance, unfair practices, and racketeering raise no larger substantial federal interests and do not implicate "the action of any federal department, agency, or service" . . . Plaintiff's claims will be "fact-bound and situation-specific" and do not readily present a pure issue of law which federal adjudication could resolve "once and for all." *Id. See Bender [v. Jordan,* 623 F.3d 1128, 1130 (D.C. Cir. 2010)] ("[F]ederal jurisdiction is disfavored for cases that are 'fact-bound and situation specific' or which involve substantial questions of state as well as federal law.") Moreover, the Court notes that, as here, "the absence of a private right of action" under the FCSA is a "consideration in the assessment of substantiality"—the "primary importance" of which is that "allowing jurisdiction when Congress had not intended a private right of action would have seriously disrupt *[sic]* the balance of labor between state and federal courts."

323 F. Supp. 3d 1242, 1252-53 (D.N.M. 2018) (citation omitted).[9]

---

[8] *See, e.g., City of Reno,* 2018 WL 5730158, at *3 ("First, these issues are not actually disputed because all of Reno's claims can be decided without reference to the duties imposed by the CSA. . . . Second, the manner in which Reno intends to reference the duties imposed by the CSA will not lead to a dispute over the existence and scope of those duties."); *Weber Cty., Utah v. Purdue Pharma, L.P.*, No 1:18-cv-00089-RJS, 2018 WL 3747846, at *6 (D. Utah August 7, 2018) (FCSA did not present an actually disputed substantial federal issue, explaining that the bulk of the issues "likely will be determined under state law, and almost certainly without even a reference to the CSA, which provides no private right of action."); *Uintah County, Utah v. Purdue Pharma, L.P.*, No. 2:18-cv-00585-RJS, 2018 WL 3747847, at *6 (D. Utah Aug. 7, 2018) (same).

[9] *See also Delaware,* 2018 WL 1942363, at *4 ("whether Defendants violated the FCSA is not substantial to the government as a whole;" "[t]his is unlike the case in *Grable & Sons*, where the parties sought to determine the meaning of 'notice,' which would substantially affect the way in which the IRS operated in satisfying its claims for delinquency."); *Weber County,* 2018 WL 3747846, at *7 ("McKesson has not by these arguments explained why an interpretation of some provision of the CSA will affect the federal system as a whole—how the government might operate in response to such an interpretation."); *Uintah County,* 2018 WL 3747847, at *7 (same); *City of*

23. Case law from other litigation contexts equally supports that conclusion. In *Gunn*, for instance, the central dispute was the experimental-use exception under federal patent law, specifically whether under the facts of the case the plaintiff could have defended a patent using this exception. 568 U.S. at 259. The Court found both that "resolution of a federal patent question is 'necessary' to" the case and that "[t]he federal issue is also 'actually disputed'" and, indeed, the "central point of dispute." *Id*. *Gunn* nonetheless found a lack of federal jurisdiction. For the federal question to be "substantial in the relevant sense" it must be important "to the federal system as a whole." *Id*. at 260. Therefore, the test for substantiality under *Gunn* is extremely narrow.

24. Walmart has not and cannot cite *any* decision – much less any post-*Gunn* decision – that deems any federal issue that might arguably arise in the County's case as substantially important to the federal system as a whole. In fact, multiple federal courts that have addressed this very issue have concluded that there is no substantial federal question in opioid litigation.

**C. Resolution in Federal Court Would Disrupt the Federal-State Balance.**

25. Even where a state law claim does necessarily turn on a substantial and disputed questions of federal law, removal is subject to a "possible veto" where exercising federal jurisdiction is not "consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." *Grable*, 545 U.S. at 313-14. In the specific context of the opioid litigation, multiple federal courts have determined that the exercise of federal jurisdiction would disrupt the federal and state balance.[10] "Entertaining the

---

*Reno*, 2018 WL 5730158, at *3 ("the fact-specific nature of an inquiry into whether Defendants failed to report and halt suspicious orders reduces the importance of any federal issue present here"); *Dunaway v. Purdue Pharma L.P.*, No. 2:19-cv-00038, 2019 WL 2211670, at *6 (M.D. Tenn. May 22, 2019) (FCSA is not a substantial issue in opioid litigation).

[10] *See New Mexico,* 323 F. Supp. 3d at 1252-53; *City of Reno,* 2018 WL 5730158, at *4; *Weber County,* 2018 WL 3747846, at **8-9; *Uintah County,* 2018 WL 3747847, at **8-9; *Delaware,* 2018 WL 1942363, at **4-5.

garden variety state law tort claims here 'could lead to a flood of state law claims entering federal courts and could disturb congressional intent regarding federal question jurisdiction in § 1331.'"[11] Finding federal jurisdiction here would also expressly subvert the specific jurisdictional mandates identified by Congress: notably, because the FCSA does not provide for a private right of action, "allowing jurisdiction when Congress had not intended a private right of action would … seriously disrupt the balance of labor between state and federal courts."[12]

In sum, all four of the *Gunn* elements must be satisfied for substantial federal question subject matter jurisdiction to exist. Here, not one is of the elements is met.

## Conclusion

The County respectfully requests that the Court grant this motion to remand, order that this case be remanded to the 368th Judicial District Court of Burleson County, Texas for further proceedings and order that a certified copy of the order of remand be mailed by the United States clerk to the clerk of the Texas court.

Respectfully submitted,

By: */s/ Mikal C. Watts*
Mikal C. Watts
TX State Bar No. 20981820
Shelly A. Sanford
TX State Bar No. 00784904
Meredith Drukker Stratigopoulos
TX State Bar No. 24110416
**WATTS GUERRA LLP**

---

[11] *City of Reno,* 2018 WL 5730158, at *4 (quoting *Delaware,* 2018 WL 1942363, at *5 [citing *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 812 (1986)]).

[12] *New Mexico,* 323 F. Supp. 3d at 1253 (cit. om.); *see also Weber County,* 2018 WL 3747846, at *8 ("the *Merrell Dow* analysis [is] compellingly applicable. Even if there were a disputed substantial federal question within [the] County's state law claims, the balancing of federal and state judicial responsibilities weighs in favor of declining federal jurisdiction. The parties do not dispute that the CSA does not provide a private right of action"); *Uintah County,* 2018 WL 3747847, at *8 (same).

811 Barton Springs Rd., Ste. 725
Austin, TX 78704
Telephone: (512) 479-0500
Facsimile: (512) 479-0502
Email: ssanford@wattsguerra.com
mcwatts@wattsguerra.com
mdrukker@wattsguerra.com

Mike Gallagher
Pam McLemore
**THE GALLAGHER LAW FIRM**
2905 Sackett Street
Houston, Texas 77098
Telephone: (713) 222-8080
Facsimile: (713) 222-0066
Email: mike@gld-law.com
pamm@gld-law.com

Tommy Fibich
Jay Henderson
**FIBICH, LEEBRON, COPELAND & BRIGGS**
1150 Bissonnet Street
Houston, Texas 77005
Telephone: (713) 751-0025
Facsimile: (713) 751-0030
Email: tfibich@fibichlaw.com

Hal C. Hawes
TX State Bar No. 24027068
General Counsel
Burleson County Commissioners Court
710 Main Street, Suite 200
Georgetown, Texas 78626
Telephone: (512) 943-3682
hhawes@wilco.org

**COUNSEL FOR PLAINTIFF
BURLESON COUNTY, TEXAS**

**CERTIFICATE OF SERVICE**

I, Mikal C. Watts certify that on the 9th day of October, 2019, I caused a copy of Plaintiff's *Motion to Remand* to be served via the Court's ECF system or via U.S. Mail.

> */s/ Mikal C. Watts*
> Mikal C. Watts