# **EXHIBIT A**

United States District Court
Southern District of Texas
**ENTERED**
July 24, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNSON COUNTY, | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | CIVIL ACTION NO. 4:19-CV-01637 |
| | § | |
| PURDUE PHARMA, L.P., *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

Presently before the Court are a Motion to Remand and for Costs and Fees filed by Plaintiff Johnson County [Doc. No. 3] and a Motion for a Temporary Stay Pending Likely Transfer to Multidistrict Litigation [Doc. No. 5] filed by Defendant CVS Health Corporation ("CVS"). The Court has considered the Supplemental Notice in Support of Removal [Doc. No. 27] filed by Defendant Walmart Inc. ("Walmart") and the parties' associated filings. Plaintiff Johnson County's Motion to Remand and for Costs and Fees is GRANTED IN PART and DENIED IN PART. Defendant CVS's Motion for a Temporary Stay Pending Likely Transfer to Multidistrict Litigation is DENIED. The case shall be remanded to the 152nd Judicial District Court of Harris County, Texas.[1]

### I. The Notice of Removal [Doc. No. 1]

In the Notice of Removal, CVS contends that this case is removable on the basis of jurisdiction conferred by the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453(b).

---

[1] Johnson County initially filed suit in the 18th Judicial District Court of Johnson County, Texas. The case was transferred to the Texas Opioid MDL in the 152nd Judicial District Court of Harris County, Texas. CVS then removed the case to this Court.

1

For CAFA jurisdiction to apply, a case must be a "class action," among other requirements. *Id.* § 1332(d)(2). CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id.* § 1332(d)(1)(B). A review of Johnson County's state-court Petition (still the live Petition/Complaint in this case), however, makes clear that this action was not filed under rule 23 of the Federal Rules of Civil Procedure, nor was it filed under a similar state statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action. Although the Petition at times refers to harms to the "citizens of Johnson County," Johnson County has not sought to proceed as a representative of any potential class. This case is not a "class action," and CAFA jurisdiction is inapplicable.

**II.     The Supplemental Notice in Support of Removal [Doc. No. 27]**

In a "Supplemental Notice in Support of Removal," Walmart asserts that this case is also removable based on federal-question jurisdiction, 28 U.S.C. § 1331. Although Johnson County has only pleaded state-law claims, Walmart contends that federal-question jurisdiction exists because federal law creates the purported duties that Johnson County contends Defendants violated. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). When considering Walmart's position, the Court has been mindful of the rule that "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Under 28 U.S.C. § 1331, federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "Under the longstanding well-

2

pleaded complaint rule, however, a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)) (brackets added by *Vaden*).

In a "'special and small category' of cases," a cause of action created by state law can generate a civil action "arising under" federal law. *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)). The applicable test for federal-question jurisdiction is: "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314; *Gunn*, 568 U.S. at 258 ("That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.").

In this case, Johnson County has pleaded three state-law causes of action: nuisance, civil conspiracy, and negligence. The Petition does not expressly invoke any federal law. Walmart, however, argues that Johnson County's "negligence claim states a federal question because it is premised on the breach of duties whose only source is the [federal Controlled Substances Act]."[2]

Under the controlling *Grable* test, the Court finds that Johnson County's negligence claim does not create federal-question jurisdiction. In particular, a federal issue is not "necessarily raised," meaning the first prong of the *Grable* test is unmet. The basis for Walmart's contention that a federal issue is "necessarily raised" is Walmart's allegation that the federal Controlled

---

[2] Doc. No. 27 at 3.

Substances Act ("federal CSA") is the *only* source of the duties implicated by the negligence claim. This allegation ignores the Texas statutes and regulations (and potentially common law) upon which Johnson County may choose to rely.

Johnson County alleges that Walmart and its co-defendants:

1. failed to monitor, detect, investigate, and report suspicious orders of prescription opiates;
2. failed to implement policies and procedures to document the flow of opioids from the point of manufacture throughout the distribution network; and
3. failed to properly train or require employees and affiliates to identify, report, and investigate any improprieties in the flow of opioids.

Walmart responds that these alleged duties, to the extent that they exist, originate only in the federal CSA and the regulations promulgated thereunder. Walmart identifies the relevant sections of the Code of Federal Regulations ("C.F.R.") as 21 C.F.R. §§ 1301.74(b) and 1301.71(a). Section 1301.74(b) provides: "The registrant shall design and operate a system to disclose to the registrant suspicious orders of controlled substances. The registrant shall inform the Field Division Office of the Administration in his area of suspicious orders when discovered by the registrant. Suspicious orders include orders of unusual size, orders deviating substantially from a normal pattern, and orders of unusual frequency." Section 1301.71(a) provides: "All applicants and registrants shall provide effective controls and procedures to guard against theft and diversion of controlled substances."

The Texas Administrative Code, however, expressly "adopts by reference" these sections from the C.F.R. 25 Tex. Admin. Code § 229.420 ("The department adopts by reference the following laws and regulations . . . 21 CFR, Part 1301, Registration of Manufacturers, Distributors, and Dispensers of Controlled Substances . . . ."). In addition, Texas law incorporates certain

4

relevant federal standards. *See* Tex. Health & Safety Code § 481.067(a) ("A person who is registered with the Federal Drug Enforcement Administration to manufacture, distribute, analyze, or dispense a controlled substance shall keep records and maintain inventories in compliance with recordkeeping and inventory requirements of federal law and with additional rules the board or director adopts."); *id.* § 481.0766(a) ("A wholesale distributor shall report to the board the information that the distributor is required to report to the Automation of Reports and Consolidated Orders System (ARCOS) of the Federal Drug Enforcement Administration for the distribution of a controlled substance by the distributor to a person in this state. The distributor shall report the information to the board in the same format and with the same frequency as the information is reported to ARCOS.").

Since Texas law expressly adopts the C.F.R. sections identified by Walmart, and since the Texas Health and Safety Code imposes relevant requirements on manufacturers, distributors, and dispensers of controlled substances, the Court finds that a federal issue is not "necessarily raised."[3]

---

[3] District courts in several other states have likewise rejected attempts to invoke federal-question jurisdiction over opioid-related state-law claims. *See New Mexico ex rel. Balderas v. Purdue Pharma L.P.*, 323 F. Supp. 3d 1242, 1252 (D.N.M. 2018) (finding that "contrary to [Defendant's] claim that Plaintiff can prevail only by showing that Defendants violated the [federal CSA], it appears that Plaintiff could show that Defendants violated state law duties to control, report and guard against the diversion of prescription drug orders, meaning that the federal statute is not necessarily raised"); *Delaware ex rel. Denn v. Purdue Pharma, L.P.*, No. 1:18–383–RGA, 2018 WL 1942363, at *2 (D. Del. Apr. 25, 2018) ("Although a determination of whether Defendants violated the [federal CSA] may occur while addressing Plaintiff's claims, there is also the possibility that the claims will be resolved without resolution of the federal issue at all."); *Ill. Pub. Risk Fund v. Purdue Pharma L.P.*, No. 19 C 3210, 2019 WL 3080929, at *2 (N.D. Ill. July 15, 2019); *Dinwiddie Cty., Va. v. Purdue Pharma, L.P.*, No. 3:19-cv-242, 2019 WL 2518130, at *6 (E.D. Va. June 18, 2019); *Dunaway v. Purdue Pharma L.P.*, No. 2:19-cv-00038, 2019 WL 2211670, at *6–7 (M.D. Tenn. May 22, 2019); *City of Worcester v. Purdue Pharma L.P.*, No. 18-11958-TSH, 2018 U.S. Dist. LEXIS 215824, at *7–10 (D. Mass. Nov. 21, 2018); *City of Reno v. Purdue Pharma, L.P.*, No. 3:18-cv-00454-MMD-WGC, 2018 WL 5730158, at *1–2 (D. Nev. Nov. 2, 2018); *Weber Cty., Utah v. Purdue Pharma, L.P.*, 1:18-cv-00089-RJS, 2018 WL 3747846, at *5–6 (D. Utah Aug. 7, 2018); *City of Granite City, IL v. AmerisourceBergen Drug Corp.*, No. 18-CV-1367-SMY-DGW, 2018 WL 3408126, at *2 (S.D. Ill. July 13, 2018); *West Virginia ex rel. Morrisey v. McKesson Corp.*, No. 16-772, 2017 WL 357307, at *6–8 (S.D. W.Va. Jan. 24, 2017). *But see Bd. of Cty. Comm'rs of Del. Cty., Okla. v. Purdue Pharma L.P.*, No. 18-CV-0460-CVE-JFJ, 2018 WL 5307623, at *1 (N.D. Okla. Oct. 26, 2018) (staying the case and declining to rule on the motion to remand based on "the benefits of centralized consideration of the jurisdictional issues and conservation of judicial resources"); *City of Portland v. Purdue Pharma, LP*, 2:18-cv-00282-NT, 1:18-cv-

Walmart's protest that state law does not *independently* create the requirements at issue, given that state law adopts or refers to federal standards, is unavailing. The rules imposed by the Texas Health and Safety Code and the Texas Administrative Code, whatever their content may be, are not federal law. The existence of relevant state-law duties distinguishes this case from *Board of Commissioners of the Southeast Louisiana Flood Protection Authority–East v. Tennessee Gas Pipeline Company, L.L.C.*, where the Fifth Circuit found federal-question jurisdiction after observing that the "absence of any state law grounding for the duty that the [Plaintiff] would need to establish for the Defendants to be liable means that that duty would have to be drawn from federal law." 850 F.3d 714, 723 (5th Cir. 2017). In this case, state law imposes requirements relating to reporting suspicious orders of controlled substances, preventing theft and diversion of controlled substances, and keeping adequate records.[4] This is not a case with an "absence of any state law grounding for the duty that the [Plaintiff] would need to establish for the Defendants to be liable." *See id.*

The Court finds that a federal issue is not "necessarily raised," and federal-question jurisdiction therefore does not exist over Johnson County's state-law claims. The Court's ruling today is further buttressed by the rule that "[a]ny ambiguities are construed against removal." *Manguno*, 276 F.3d at 723. This case must be remanded.

---

00298-NT, 2:18-cv-00310-NT, 2018 WL 6191127, at *4–5 (D. Me. Nov. 28, 2018) (recommending that the district court grant a stay out of concern for "judicial economy and the desire for consistent results").

[4] In addition to the Texas statutes and regulations described above, Texas common law is another potential source of duties applicable to Defendants' conduct. The Court notes this potential additional source of state-law duties because Johnson County's Petition does not identify *any* particular source, whether state or federal, for the pleaded duties. Whether such common-law duties (e.g., the duty of reasonable care) are owed by the Defendants to Johnson County would be a merits issue beyond the scope of the current question regarding whether a federal issue is "necessarily raised." If Johnson County were to allege breaches of common-law duties, its allegations, of course, would not "necessarily raise[ ]" a federal issue. *See City of Worcester*, 2018 U.S. Dist. LEXIS 215824, at *9 ("Plaintiff can succeed without any reliance on federal law. Resolution of the federal issue is not necessary because in addition to having specific statutory duties under the [federal] CSA, Defendants concurrently had a common law duty to exercise reasonable care when distributing the drugs.").

## III. Conclusion

Plaintiff Johnson County's Motion to Remand [Doc. No. 3] is **GRANTED**. The Court finds that Defendants offered a reasonable basis for removing this case, and Plaintiff Johnson County's Motion for Costs and Fees [Doc. No. 3] is accordingly **DENIED**. Defendant CVS's Motion for a Temporary Stay Pending Likely Transfer to Multidistrict Litigation [Doc. No. 5] is **DENIED**.

This case is hereby remanded to the 152nd Judicial District Court of Harris County, Texas. The Clerk is directed to close this case. All pending motions that remain are denied as moot. Defendant CVS is ordered to transmit a copy of this Order to the Judicial Panel on Multidistrict Litigation and inform the Judicial Panel on Multidistrict Litigation that the case has been remanded.

Signed at Houston, Texas, on this the 24th day of July, 2019.

　　　　　　　　　　　　　　　　　　ANDREW S. HANEN
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE