IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **COUNTY OF BURLESON ,** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4-19-cv-03845 |
| | § | |
| **PURDUE PHARMA L.P., et al.,** | § | |
| *Defendants.* | § | |

**PLAINTIFF BURLESON COUNTY'S RESPONSE OPPOSING WALMART INC.'S MOTION FOR A TEMPORARY STAY OF PROCEEDINGS PENDING FINAL RULING BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

Plaintiff Burleson County ("The County") files this Response in Opposition to the Motion by Walmart, Inc. ("WALMART") for a Temporary Stay Pending Final Ruling by the Judicial Panel on Multidistrict Litigation for the reasons set out below:

1.  WALMART's motion is a tactic used by various Defendants in opioids cases throughout the country to improperly remove cases from state courts and then move to stay pending transfer to avoid a ruling on Plaintiff's Motion to Remand while the Court still has jurisdiction over the motion. Despite Defendant's wish for the Court to not rule on the motion, this Court can rule on remand at any time prior to the final transfer of a case by the Judicial Panel on Multi-District Litigation ("JPML"). The Rules and Practice of the Judicial Panel on Multidistrict Litigation expressly provide that a transferor court retains jurisdiction to rule on conditional transfer orders and motions to remand before action by the JPML: "[t]he pendency of a . . . conditional transfer order . . . before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." J.P.M.L. Rule 2.1(d). "[T]he Court retains full

jurisdiction over this action until such time as a transfer order by the JPML is filed in the office of the clerk of the district court of the transferee district." *Baker v. Air & Liquid Sys. Corp.*, No. Civ. 11-8-GPM, 2011 WL 499963, at *1 (S.D. Ill. Feb. 7, 2011) (citing *Illinois Mun. Ret. Fund v. Citigroup, Inc.*, 391 F.3d 844, 850 (7th Cir.2004). Just months ago, the Honorable Judge Andrew Hanen issued such a ruling in an opioid case with a CTO that was pending before the JPML, denying a defendant's motion to stay pending transfer while simultaneously ruling on a motion to remand. (See Exhibit A). Furthermore, on October 18, 2019 the Honorable Judge Robert Schaffer specifically kept Burleson's April 2021 trial date open pending a decision by this Court on remand of this case so that it can retain its bellwether trial status.

2. Second, WALMART has not articulated hardship that would outweigh the prejudice to Plaintiff, and judicial efficiency is not served by bouncing a case between federal courts that lack jurisdiction. WALMART fails to carry its requisite burden.

3 Third, WALMART is mistaken in arguing that a stay will not prejudice the County. Burleson County has been selected by defendants as a Texas bellwether and is slated for trial in 2021 unless Defendant's are successful in their improvident removal of the case. The County will **not** be able to present a motion to remand before the Honorable Judge Polster in a timely manner due to the moratorium issued by his Court on remands. (See Exhibit B). The County is entitled to discovery from WALMART and to begin preparing for the County's trial setting in 2021. In each of the orders cited by defendants, the Plaintiff County was not a selected bellwether due discovery from Defendants to prepare for trial. Each of the subject counties in the orders granting stays cited by Defendants in their motion (*See* Defendant's Temporary Stay Pending Final Ruling by the Judicial Panel on Multidistrict Litigation at 3) was not a bellwether in the Texas MDL, unlike Burleson County. The prejudice to Burleson County is distinct from

the other decisions cited by Defendant Walmart.

4.  Finally, a jurisdiction-first analysis is appropriate when faced with a motion to remand and a conditional transfer order. This Court's analysis must begin "with the threshold issue of its own jurisdiction, the resolution of which obviates the need to consider Defendants' motion for a stay." *Clark v. Pfizer Inc.*, No. Civ. A. 04–3354, 2004 WL 1970138, at *2 (E.D. Pa. Sept. 7, 2004) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)94) (denying stay as moot). "Courts have held that when jurisdictional issues are in dispute, a motion to remand should be resolved prior to the determination of whether a stay is appropriate." *Ortiz v. Menu Foods, Inc.*, 525 F. Supp. 2d 1220, 1232 (D. Haw. 2007) (collecting cases). When a remand motion is pending, a stay request should be denied because, the "Court's 'first duty,' is 'to determine the existence of subject-matter jurisdiction.'" *Reeves v. SmithKline Beecham Corp.*, No. 13-cv-675-DRH-DGW *et al.*, 2013 WL 5372333, at *1 (S.D. Ill. Sept. 25, 2013) (quoting *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004). Where there is no federal subject matter jurisdiction "then this case is currently pending in a court lacking jurisdiction. This jurisdictional defect would not be cured by a transfer" to an MDL court. *See St. Joe Co. v. Transocean Offshore Deepwater Drilling Inc.*, 774 F. Supp. 2d 596, 601 (D. Del. 2011).

## **Conclusion**

There is no federal l jurisdiction over this case. All factors relevant to a stay motion weigh against granting a stay. The efficient option is to remand the case before other similarly situated courts are required to take further action, and to remand Burleson County so that it may retain its trial setting. For each of these reasons, the motion to stay should be denied. Furthermore, Plaintiff requests an expedited hearing on their Motion to Remand, within ten ("10") days of this Response.

Respectfully submitted,

By:    */s/ Mikal C. Watts*
Mikal C. Watts
TX State Bar No. 20981820
Shelly A. Sanford
TX State Bar No. 00784904
Meredith Drukker Stratigopoulos
TX State Bar No. 24110416
**WATTS GUERRA LLP**
811 Barton Springs Rd., Ste. 725
Austin, TX 78704
Telephone:  (512) 479-0500
Facsimile:  (512) 479-0502
Email:  ssanford@wattsguerra.com
      mcwatts@wattsguerra.com
      mdrukker@wattsguerra.com

Mike Gallagher
Pam McLemore
**THE GALLAGHER LAW FIRM**
2905 Sackett Street
Houston, Texas 77098
Telephone:  (713) 222-8080
Facsimile:  (713) 222-0066
Email:  mike@gld-law.com
      pamm@gld-law.com

Tommy Fibich
Jay Henderson
**FIBICH, LEEBRON, COPELAND & BRIGGS**
1150 Bissonnet Street
Houston, Texas 77005
Telephone:  (713) 751-0025
Facsimile:  (713) 751-0030
Email:  tfibich@fibichlaw.com
Hal C. Hawes
TX State Bar No. 24027068
General Counsel
Burleson County Commissioners Court
710 Main Street, Suite 200
Georgetown, Texas 78626
Telephone:  (512) 943-3682
hhawes@wilco.org

**COUNSEL FOR PLAINTIFF**
**BURLESON COUNTY, TEXA**

**CERTIFICATE OF SERVICE**

I, Mikal C. Watts certify that on the 28th Day of October I caused a copy of Plaintiff's *Motion to Remand* to be served via the Court's ECF system or via U.S. Mail.

*/s/ Mikal C. Watts*
Mikal C. Watts
