# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COUNTY OF BURLESON<br>　　*Plaintiff,* | § § § | |
| v. | § | CIVIL ACTION NO. 4-19-cv-03845 |
| PURDUE PHARMA L.P., et al.,<br>　　*Defendants.* | § § § § | |

## PLAINTIFF'S AMENDED REPLY TO DEFENDANT WALMART, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION TO REMAND

Plaintiff withdraws their Reply to Defendant Walmart, Inc.'s Response in Opposition to Plaintiff's Amended Motion to Remand (Doc. No. 18) and files this reply in substitution. The sole jurisdictional premise of Walmart's removal is invalid. The merits of Burleson County's claims can be decided by looking to the common law and statutory law of Texas without need to rely upon any federal law. Burleson County respectfully urges the Court to grant remand without awaiting any further action by the JPML.

**1.　　Walmart's Position is Undermined by 20 Years of Federal Precedent**

Walmart's position has been rejected in this current opioid litigation and the Motion to Remand demonstrates the frequent instances in which federal reject these precise arguments and ordered remand to state court. (ECF No. 4 at 3). Furthermore, the rejection of Walmart's arguments predates this litigation as opioid manufacturers have failed to use this strategy for almost two decades before this lawsuit.

In the early 2000's Purdue asserted federal question jurisdiction in an attempt to remove cases on the exact same theory as Walmart does here and failed. *See McCallister v. Purdue Pharma, L.P.*, 164 F.Supp.2d 783 (S.D.W.Va. 2001). Purdue and others removed that case, alleging that federal question jurisdiction existed because the opioid drugs and the activities related

to their use were regulated by federal statutory schemes, including the Controlled Substances Act. *Id.* at 788. The federal district court, however, ordered that cause remanded because neither of the two generally-recognized exceptions to the well-pleaded complaint rule were applicable. *Id.* at 794.

First, it held that neither the CSA nor any other federal statutory regime invoked by Purdue provided a basis for removal. *Id.* at 789-793. This remains true today, as only complete preemption by Congress affords a colorable basis for removal where a well-pleaded complaint offers no other basis. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also, e.g., Studer v. Katherine Shaw Bethea Hosp.*, 867 F.3d 721, 723 (7th Cir. 2017) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004)); *Saadat v. Landsafe Flood Determination, Inc.*, 253 Fed. Appx. 343, 344 (5th Cir. 2007) (per curiam).

The Court in *McCallister* also considered and rejected Purdue's argument that the Plaintiffs' claims raised substantial questions of federal law. *Id.* at 793. The Court reiterated the Supreme Court's observations that the substantial federal question doctrine should be "read with caution," and that where Congress has enacted a law without affording a private remedy, that choice "is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *Id.* (quoting *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 814 (1986)). Thus, the Court found that: "interpretive issues under the FDCA and the Controlled Substances Act are insufficient to provide removal jurisdiction, in the absence of a congressionally-mandated private cause of action. *Id.* at 794. Those conclusions, uniformly

supporting remand under facts like these, have continued to develop over time and across the country in similar cases.[1]

This is not an isolated series of decisions from a somewhat-distant past and the conclusions those decisions embrace has continued vitality following the Supreme Court's promulgation of the *Grable* test and cases like *Gunn v. Minton*. (ECF No. 4 at 4-8) (demonstrating the basis for remand under *Grable* and *Gunn*). Most recently, another manufacturer of opioid drugs, facing a wrongful death suit initiated in an Alabama state court, attempted to remove the action on a federal question theory. *See Brown v. Endo Pharms., Inc.*, 38 F.Supp.3d 1312 (S.D. Ala. 2014). As had been true in the Purdue cases that preceded it, the defendant alleged that the claims implicated federal law by virtue of their connection to the design, manufacture, and distribution of opioids. *Id.* at 1317. Citing the CSA, Endo argued that the statute "creates the sole legal duty governing" the asserted claims and that the vitality of the claims depended upon the construction and application of the statute. *Id.* at 1319. The district court flatly rejected those arguments in concluding that Section 1331 furnished no basis for the removal. *Id.* ("Defendant's analysis is long on rhetoric, but short on supporting law, facts, and reasoning.").

The precedent is clear: the mere possibility of interpretive issues under the federal CSA is "insufficient to provide removal jurisdiction, in the absence of a congressionally-mandated private cause of action." *McCallister,* 164 F.Supp.2d at 794. Walmart's oft-rejected argument should be

---

[1] *See, Little v. Purdue Pharma,* L.P., 227 F. Supp. 2d 838, 852-860 (S.D. Ohio 2002), where the Court held that the asserted claims did not depend upon federal law, even if a federal defense to those claims might conceivably be available. *Id.* at 858. The United States District Court for the District of Columbia joined that chorus shortly thereafter. *See Williams v. Purdue Pharma Co.,* No. Civ.A. 02-0556(RMC), 2003 WL 2429557, at *3 (D.D.C. Feb. 27, 2003). The initial pleading in that cause, which was filed in the Superior Court of the District of Columbia and also sought class certification of damages claims against Purdue and others, asserted claims based upon the local law of the District of Columbia, including its consumer protection act. Id. at *1. Citing *McCallister*, among other cases, the district court explained that Purdue's theory of federal question jurisdiction, rooted in the pervasive federal regulation of its drugs, "has been rejected by various other federal courts that have considered the issue," and found "it similarly unpersuasive." Id. at *3Purdue lost the same argument mere months later in the Middle District of Florida as well. *Jackson v. Purdue Pharma Co.*, No. 6:02-CV-1428ORL19KRS, 2003 WL 21356783, at *6 (M.D. Fla. Apr. 11, 2003).

rejected again here, just as it continues to be in other current opioid cases noted in Plaintiff's Motion to Remand.[2]

## 2. Walmart Mischaracterizes Plaintiff's Petition.

Walmart's response suffers from another flaw: it ignores the plain text of Plaintiff's First Amended Petition and seeks to recast that pleading, going so far as to completely omit allegations made by Plaintiff. (ECF No. 17 at 9). For example, Walmart states in its Response that "Plaintiff does not cite to *any* authority in the Texas CSA to impose the alleged duties on distributor defendants." (Id.). But Burleson County expressly alleges that "Defendants have knowingly distributed, delivered, or dispensed a controlled substance in violation of the Texas Controlled Substances Act § 481.128(a)(1)." (ECF No. 1-2 at ¶ 228). Remand procedure does not empower Defendants to simply ignore portions of Plaintiff's actual pleading and claim they do not exist.

Walmart also mischaracterizes Plaintiff's petition by attempting to use factual references in Plaintiff's petition to the FDA as "citing to federal law" (ECF No. 17 at n. 9). Citations to federal agency activity alone[3] furnish no basis for removal upon federal question jurisdiction. But these references are only used to provide context and background to Plaintiff's claims under Texas law; such references do not suffice to confer federal question jurisdiction that would not otherwise exist.

## 3. Walmart's Removal is Intended Only to Delay Litigation.

The MDL Court has rejected substantial federal question jurisdiction claims and remanded actions in which defendants have unsuccessfully made the same arguments relied upon by Walmart

---

[2] *See Also Illinois Pub. Risk Fund v. Purdue Pharma L.P.*, 19 C 3210, 2019 WL 3080929, at *1 (N.D. Ill. July 15, 2019)("The Court believes that deferring decision on the motion to remand would risk significant unfairness to the plaintiff. The judge presiding over the MDL has elected not to rule on any motions for remand or permit discovery for a substantial period of time. Thus to defer ruling now could have the effect of staying the litigation indefinitely... The Court is reticent to reward what may be a deliberate strategy of filing unmeritorious notices of removal in order to delay—or altogether avoid—litigating these cases. The Court will therefore decide the motion to remand.").

[3] See, e.g., *County of Kern v. Purdue Pharma L.P.*, No. 1:19CV-00557-LJO-JLT, 2019 WL 3310668, at *3 (E.D. Cal. July 23, 2019) (the Court remanded finding no federal question jurisdiction based on the federal CSA even when plaintiff referenced federal agencies such as the FDA to provide background information*); Connolly v. Union Pacific R. Co.*, 453 F.Supp.2d 1104, 1109-1110 (E.D. Mo. 2006) (mere references in complaint to federal authorities were insufficient to provide a basis for federal question jurisdiction).

here. *See* 2019 WL 180246; 2018 WL 4019413. Walmart, however, now seeks to have this case transferred to the federal MDL, in which a moratorium on remand motions remains in place as to cases filed by parties like Burleson County.

Despite the fact that the MDL Court has expressly rejected the very reasoning it offers here, Walmart still seeks to send Burleson's case to the MDL. That effort raises suspicions that Walmart believes that the MDL Court likely will not rule on Burleson County's remand in the foreseeable future. Walmart clearly wants to send this case to the MDL for no other reason than delay, given that the MDL court explained that the same federal Controlled Substance Act ("FCSA" or "CSA") arguments made in the Walmart Supplement are unfounded and have been consistently rejected.

## CONCLUSION

Walmart's Response to Plaintiff's Motion to Remand ultimately hopes merely to delay this litigation indefinitely. Plaintiff's respectfully ask that this Court remand this case to the 335th Judicial District Court of Burleson County Texas.

Respectfully submitted,

By: */s/ Mikal C. Watts*
Mikal C. Watts
TX State Bar No. 20981820
Shelly A. Sanford
TX State Bar No. 00784904
Meredith Drukker Stratigopoulos
TX State Bar No. 24110416
**WATTS GUERRA LLP**
811 Barton Springs Rd., Ste. 725
Austin, TX 78704
Telephone: (512) 479-0500
Facsimile: (512) 479-0502
Email: ssanford@wattsguerra.com
mcwatts@wattsguerra.com
mdrukker@wattsguerra.com

**COUNSEL FOR PLAINTIFF**
**BURLESON COUNTY, TEXAS**

## CERTIFICATE OF SERVICE

I, Mikal C. Watts certify that on the 5th of November, I caused a copy of Plaintiff's *Motion to Remand* to be served via the Court's ECF system or via U.S. Mail.

*/s/ Mikal C. Watts*
Mikal C. Watts
